
# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4143 | **DATE** | 3/22/2001 |
| **CASE TITLE** | Adrian Velez vs. Terry Hillard et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: We dismiss [6-1] Count I against the City and Count II against both defendants.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 23 2001 | |
| | Notified counsel by telephone. | date docketed | 17 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ADRIAN VELEZ, )
)
      Plaintiff, )
)
      ) No. 00 C 4143
v. )
) Judge Wayne R. Andersen
TERRY HILLARD, INDIVIDUALLY )
AND IN HIS OFFICIAL CAPACITY )
AS SUPERINTENDENT OF POLICE )
and the CITY OF CHICAGO, )
a municipal corporation, )
) MAR 2 3 2001
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Adrian Velez, has sued his former employer, the City of Chicago, and Terry Hillard, the Superintendent of Police, in his official and individual capacities, under Section 1983 for violating his constitutional rights when the City terminated his employment. Specifically, plaintiff alleges that his due process and equal protection rights were violated. Defendants have moved to dismiss the Complaint. For the reasons stated below, we grant the motion in part and deny it in part.

## DISCUSSION

Plaintiff's allegations, which for the purposes of this motion we deem true, center on his status as a probationary officer with the Chicago police department. According to the Complaint, defendant Hillard issued a personnel order on September 11, 1998 transferring him from his probationary assignment to a non-probationary assignment. Plaintiff claims that he was fired

without a formal hearing which is required under state and municipal law. These allegations form the basis of plaintiff's due process claim.

Plaintiff's equal protection claim is alleged much less clearly. Plaintiff charges that the City of Chicago has a policy under which it extends the probationary period for police officers who have accumulated more than twelve days as a result of medical absences. According to this policy, the City must inform the police officers in writing that the probationary period is being extended. Plaintiff alleges that he did not receive this notice. Plaintiff further alleges that the City and Hillard do not apply this policy to all probationary police officers. In other words, plaintiff claims that not all similarly situated police officers are treated alike. He does not allege, however, that he is a member of a protected class.

We may not dismiss this Complaint unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). We take all well-pleaded allegations as true, as well as the reasonable inferences therefrom, in the light most favorable to the plaintiff.

Defendants first move to dismiss the due process allegations brought pursuant to Section 1983 for failure to state a claim pursuant to Fed. R. Civ. P. 12 (b)(6). To state a due process claim for his discharge, plaintiff must plead that he had a constitutionally protected property interest in his employment. Perry v. Sinderman, 408 U.S. 593 (1972). It is undisputed by defendant that state law requires that employees of police departments in municipalities over 500,000 whose appointments are complete (i.e. not on probation) may not be discharged except for cause and then only after a hearing before the Police Board. 65 ILCS 5/10-1-18.1. The City of Chicago's Municipal Code also requires a hearing before discharge of a non-probationary employee. Section 2-84-030. The parties

agree that non-probationary employees have a property interest in their continued employment. It is clear, therefore, that plaintiff may state a claim only if he alleges that he was not on probation at the time of his discharge.

The City and Hillard argue that plaintiff has failed to allege that he was not on probation at the time that he was fired. Plaintiff, however, has alleged in ¶ 6 of the Complaint that defendant Hillard transferred him from probationary status to non-probationary status prior to his termination. Defendants contend, however, that we should infer from plaintiff's allegations which charge that the City unfairly applied its policy extending probation based on the medical leave to him that he has admitted that he was on probation at the time of his termination. Therefore, defendants conclude, plaintiff has failed to state a due process claim.

In deciding this motion, we are mandated to read plaintiff's allegations broadly and to draw every inference in his favor. Plaintiff has alleged that his probation period was terminated. We must accept that allegation as true. Further, although plaintiff has challenged the allegedly unfair application of the leave policy to him, he has not conceded that he remained on probation by virtue of that policy. To the contrary, he claims that he neither was, nor should have been on probation at the time that he was fired. Accordingly, he has stated a viable due process claim when he charges that the City fired him without first conducing the hearing which statute and ordinance mandate.

We must next consider, however, whether plaintiff may bring this due process claim against the City under Section 1983. Municipalities are answerable only for their own decisions and policies; they are not vicariously liable for the constitutional torts of their agents. Monell v. New York Dep't of Social Services, 436 U.S. 658 (1978). Clearly, plaintiff's claim that the City's own ordinance was not followed belies any notion that the City had an express policy which violated due

process. Baxter v. Vigo County Sch. Corp., 26 F.3d 728, 734-35 (7th Cir. 1994). Nor has plaintiff alleged that there was a widespread practice of ignoring the express policy in favor of an unconstitutional custom or practice. City of St. Louis v. Praprotrik, 485 U.S. 112, 127 (1988). However, even a single act performed by a person with final policy making authority can constitute a violation of Section 1983. Baxter, 26 F.3d at 735.

Plaintiff argues in his response to defendant City's motion that Hillard, the Superintendent of Police, is such a policymaker. The City contends that Hillard lacked the authority to countermand the ordinance and, therefore, he is not a final policy maker. We agree. As the Seventh Circuit held in Auriemma v. Rice, policy making authority is authority to adopt rules for the conduct of government, not simply the power of making the final decision. 957 F.2d 397 (7th Cir. 1992). "The Superintendent of Police in Chicago had no power to countermand the statutes regulating the operation of the department." Id. The chief has "complete authority to administer the department in a manner consistent with the ordinances of the city, the laws of the state, and the rules of the police board." Id. quoting Municipal Code § 2-84-040. Thus, the City cannot be liable for Hillard's alleged actions which would clearly be a violation of established law. That potential liability is Hillard's, not the City's. Therefore, we dismiss Count I against the City.

We turn now to plaintiff's equal protection claim. Plaintiff has alleged that the City selectively and unfairly applied its leave policy to him. However, every unfair application of a municipal policy does not constitute a violation of the equal protection clause of the Fourteenth Amendment. Rather, in most cases, plaintiff must plead and ultimately prove that the unequal treatment he challenges is based on his membership in a protected class. McPhaul v. Board of Comm'rs of Madison County, 226 F.3d 558, 564 (7th Cir. 2000). (There is an exception to this

general rule in the so-called "class of one" cases, but this a narrow category of cases involving "last ditch" protection against governmental action wholly impossible to relate to legitimate governmental objectives. Indiana State Teachers Ass'n v. Bd. of School Comm'rs, 101 F.3d 1179, 1181 (7th Cir. 1996)). Plaintiff has failed to allege any facts suggesting that the alleged unequal treatment is based on his membership in a protected class. Therefore, we dismiss Count II against both defendants.

## CONCLUSION

For all of the above reasons, we dismiss Count I against the City and Count II against both defendants.

Wayne R. Andersen
United States District Judge

Dated: March 22, 2001